IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA THRASHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04-0941-CV-W-ODS |
| | ) |
| HICKOK-DIBLE COMPANY, INC. | ) |
| SOUTHWIND MANAGEMENT CORP., | ) |
| and N.W. DIBLE COMPANY, d/b/a | ) |
| HICKOK-DIBLE COMPANIES, | ) |
| | ) |
| Defendants. | ) |

ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS

Pending is Defendants' Motion to Dismiss, which alleges the Court lacks jurisdiction in this matter because neither Defendant qualifies as an "employer" under Title VII of the Civil Rights Act. After considering the record and the parties' arguments, the motion is granted in part and denied in part.

There is no dispute that Plaintiff was ostensibly employed by Southwind Management Corporation ("Southwind"), nor is there any dispute that Southwind does not have enough employees to qualify as an employer under Title VII. See 42 U.S.C. § 2000e(b). The issue is whether Southwind can be considered in combination with other related entities for purposes of satisfying Title VII's numerosity requirement.

I. BACKGROUND[1]

---

[1] Defendants have conceded the truth of many of these assertions, but have insisted many of them are irrelevant. The Court disagrees and concludes the facts recited are relevant under the governing legal inquiry.

Southwind is a Kansas "S" corporation, and Timothy Hickok is Southwind's sole shareholder, officer and director. It owns thirteen four-plexes in Blue Springs, Missouri, in a development known as Brookwood Village ("Brookwood"). Windemere Properties I, LP ("Windemere") owns nineteen four-plexes in Brookwood and Sixth Street Partners, L.P. ("Sixth Street") owns eighteen four-plexes in Brookwood. Windemere and Sixth Street are both Missouri limited partnerships. Southwind, Windemere and Sixth Street shared a management office near Brookwood.

Despite its name, N.W. Dible Company is actually a partnership organized under Kansas law. Timothy and Lisa Hickok are the sole partners. It maintains an office in Overland Park, Kansas; the sign on the door to the office indicates the office belongs to Hickok-Dible Companies, which is a fictitious name . . . but for what is somewhat vague and has been rather fluid over time. The name has been used by "the family" for four generations, and generally refers to all of the family businesses and entities. N.W. Dible is in the business of property management; it manages only properties owned directly or indirectly by Timothy Hickok (including Southwind's properties at Brookwood). Hickok Depo. at 114. The relationship between N.W. Dible and Southwind is memorialized in a Property Management Agreement (which, significantly, identifies N.W. Dible as "N.W. Dible Company, DBA Hickok Dible Companies) that purports to establish N.W. Dible as Southwind's independent contractor obligated to, in addition to the responsibilities normally assumed by the manager of residential rental property, "[h]ire, pay, supervise, and discharge all . . . maintenance personnel, all of whom shall be Manager's employees, but all of whom shall be at the expense of the Property." The agreement is signed by Timothy Hickok on behalf of both parties.

Rob Couch was the manager for the Brookwood office, and his salary was paid in pre-arranged proportions by Southwind, Windemere and Sixth Street. The identity of Couch's actual employer is not clear. Hickok Depo. at 32-34. Plaintiff was the assistant manager in the Brookwood office; she was (apparently) paid by Southwind. Shari Kuehn was the "regional manager" for the Hickok-Dible Companies, was paid by N.W. Dible, and reported directly to Timothy Hickok. Kuehn had the authority to hire, fire, discipline,

2

and set policies for all employees at properties owned by the Hickok-Dible Companies or managed by N.W. Dible; in fact, she was the person who ultimately decided to terminate Plaintiff's employment and advised Timothy Hickok of her plan to do so. Kuehn also had the authority to transfer employees from one part of Hickok-Dible Companies' operations to another; for instance, in September 2003 Kuehn transferred Couch from a Hickok-Dible Companies' property in Wichita, Kansas, to manage Brookwood.

Plaintiff's W-2 Forms indicated she was paid by "Southwind Management Corporation" and identified Southwind's address as the office used by the Hickok-Dible Companies. Plaintiff was allowed to participate in a 401(k) plan sponsored by N.W. Dible Company d/b/a Hickok-Dible Companies. The plan indicates that other employers adopted the plan and allowed employees to participate; one such "adoptee" was Southwind. Plaintiff was provided an Employee Procedures Manual for Hickok-Dible Companies, which included disciplinary procedures. Plaintiff requested a service letter after her termination; the return address on the envelope was for Hickok-Dible Companies.

## II. DISCUSSION

There is no doubt that Southwind lacks sufficient employees of its own to be considered an employer; there is also no doubt that if Southwind and N.W. Dible were consolidated the combined operation would have enough employees to qualify. Defendants oppose such a combination, emphasizing the distinct forms between the Southwind and N.W. Dible. This emphasis is appropriate in demonstrating corporate veils should not be pierced; however, governing case law demonstrates a Title VII plaintiff need not satisfy the rather high hurdle necessary to completely disregard corporate forms. Title VII is accorded a liberal construction in order to effectuate its remedial purpose, and this liberal construction has caused the Eighth Circuit (and other courts) to permit consolidation of multiple corporations as a single *de facto* employer without piercing corporate veils. "[T]he standard[s] to be employed to determine whether

3

consolidation is proper are . . . (1) interrelation of operations, (2) common management, (3) centralized control of labor relations; and (4) common ownership or financial control." Baker v. Stuart Broadcasting Co., 560 F.2d 389, 392 (8th Cir. 1977); accord, Artis v. Francis Howell North Band Booster Ass'n, 161 F.3d 1178, 1184 (8th Cir. 1998).

      Both Southwind and N.W. Dible are owned and operated by Timothy Hickok. N.W. Dible's function is to operate property owned directly and indirectly by Timothy Hickok, including the property owned by Southwind. Their relationship demonstrates not only common ownership but also interelation of operations. An employee of N.W. Dible has managerial authority over employees of Southwind. Plaintiff, an ostensible employee of Southwind, received employment information and direction from N.W. Dible. Plaintiff was fired by an employee of N.W. Dible – by an employee who, as it turns out, has the authority to hire and fire employees in all of the various companies that comprise the Hickok-Dible Companies. These facts demonstrate both common management and centralized control over labor relations. Defendants emphasize the existence of the Property Management Agreement, contending N.W. Dible exerts only the authority assigned to it under the contract. While this may be true, it is a *non sequitur*; the Baker standards are the same regardless of the reasons or the origins of the relationships involved.

      The preceding discussion justifies considering N.W. Dible and Southwind as a single employer. However, the record provides no justification for including Hickok-Dible Company, Inc. in this combination. At most, the record establishes Plaintiff may have answered inquiries from people interested in renting duplexes owned by Windemere. This is insufficient to establish Windemere's general partner as Plaintiff's employer.

### III.  CONCLUSION

      The Court intends no aspersions on Defendants or Timothy Hickok, and the Court does not suggest Defendants have committed fraud or acted in a manner that would justify completely disregarding their corporate forms. However, the relevant legal

4

inquiry is far less demanding.  The Court concludes N.W. Dible Company d/b/a Hickok-Dible Companies satisfies the Baker test and, along with Southwind Management Company, should be treated as Plaintiff's employer.  Hickok-Dible Company, Incorporated, is dismissed.

IT IS SO ORDERED.

                                                                        /s/ Ortrie D. Smith
                                                                        ORTRIE D. SMITH, JUDGE
DATE: June 15, 2005                                     UNITED STATES DISTRICT COURT