IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA THRASHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-0941-CV-W-ODS |
| ) | |
| HICKOK-DIBLE COMPANY, INC. ) | |
| SOUTHWIND MANAGEMENT CORP., ) | |
| and N.W. DIBLE COMPANY, d/b/a ) | |
| HICKOK-DIBLE COMPANIES, ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION DENYING DEFENDANTS' MOTION TO RECONSIDER

On June 15, 2005, the Court issued an Order and Opinion holding, in relevant part, that N.W. Dible Company d/b/a Hickok-Dible Companies ("N.W. Dible") and Southwind Management Company ("Southwind") should be treated collectively for determining Plaintiff's employer and together they satisfied the fifteen-employee requirement set forth in Title VII of the Civil Rights Act. Defendants ask the Court to reconsider the latter part of that ruling, contending the two entities combined had less than the fifteen employees required to create a right of action under Title VII. The motion (Doc. # 57) is denied.

As explained in the June 15 Order, N.W. Dible Company is a partnership organized under Kansas law, and Hickok-Dible Companies is actually a fictitious name that is used to describe a great many discrete and not-so-discrete businesses owned or operated by Timothy Hickok or members of his family. N.W. Dible Company appears to be the "hub" of the family businesses, as it resides in the main office to which all the others answer, provides 401(k) plans, employee handbooks and other materials/support/benefits to employees of the various entities, and its Regional Manager (Shari Kuehn) possessed authority to hire and fire any employee. Additionally, payroll records reflect payment made on behalf of the same Employee Identification Number

("EIN") for a great many employees (a number greater than fifteen); the EIN in question belongs to N.W. Dible.[1] As noted in the original order, this activity may not be sufficient to pierce a corporation's veil, but it is sufficient to allow all of these entities and enterprises to be considered a single employer for purposes of Title VII. <u>Cf</u>. <u>Artis v. Francis Howell North Band Booster Ass'n</u>, 161 F.3d 1178, 1184 (8th Cir. 1998); <u>Baker v. Stuart Broadcasting Co.</u>, 560 F.2d 389, 392 (8th Cir. 1977).

The Court adheres to its original conclusion and denies Defendants' Motion for Reconsideration.

IT IS SO ORDERED.

DATE: August 29, 2005

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Defendants minimize the use of the same EIN for numerous employees, contending this was a decision made by an outside payroll processing company. This ignores the fact that the payroll processing company performed the work it was retained to do, and requires the Court to believe the processing company Defendants retained opted to use the same EIN for all employees despite instructions to the contrary. Finally, Defendants contend there is nothing improper about using the same EIN for all of the related companies, which may or may not be true; the portion of the IRS publication Defendants have highlighted discusses sole proprietors. Ultimately, even if it was proper to use a single EIN, the fact remains that the use of a single EIN indicates the existence of a single employer.